[Cite as *In re Killoran*, 2024-Ohio-711.]

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| IN RE: MELISSA KILLORAN | Case No. 2023-00689VI |
| MELISSA KILLORAN | Magistrate Holly True Shaver |
| Applicant | <u>DECISION OF THE MAGISTRATE</u> |

{¶1} On January 25, 2024, a hearing was held on Melissa Killoran's ("applicant") appeal of the Attorney General's ("AG") October 23, 2023 final decision.

{¶2} Applicant was a victim of criminally injurious conduct on April 20, 2023, when her husband ("offender") committed domestic violence against her. In her application, applicant sought attorney's fees she incurred to obtain a domestic violence civil protection order ("CPO") from the domestic relations division of the Licking County Court of Common Pleas.

{¶3} In the final decision, the AG found that the CPO that applicant obtained did not comply with the requirements of R.C. 2743.51(F)(4), because a provision of the CPO allowed the parties to "have such contact as needed to address issues related to the end of their marriage." Final Decision, p. 1.[1] The AG argued that this provision did not physically separate the victim from the offender which disqualified applicant from recovering attorney's fees.

{¶4} Applicant was represented at the hearing by Attorney Mark Poole ("Poole"). Assistant Attorney General Melissa Montgomery represented the state of Ohio. No testimony was presented, but counsel for applicant submitted Applicant's Exhibit 1, a copy of the CPO, which is also contained in the case file.

{¶5} Poole stated that he represented applicant in the CPO hearing. Poole stated that the CPO required offender to vacate the marital home; that offender was not

---

[1] Former R.C. 2743.51(F)(4) is the same as current R.C. 2743.51(F)(5)(b).

permitted to enter the marital home; that offender was required to stay 500 feet away from applicant; and that the CPO was granted for a period of five years.

{¶6}    Poole noted that the provision in the CPO that the AG takes issue with was added by the domestic relations court without applicant asking for it.  Poole argued that the provision at issue does not violate R.C. 2743.51(F)(5)(b) because the CPO does physically separate applicant from offender.   Poole argued that a reasonable interpretation of the provision is that the judge in the domestic relations court added that language so that applicant and offender could pursue divorce proceedings without violating the CPO.   Poole stated that nothing in the language in this provision gives permission for offender to approach applicant, go to her house, or to contact her.  Poole asks the court to reverse the final decision of the AG and remand the case to the AG to calculate economic loss.

{¶7}    In contrast, the AG argued that the CPO does not meet the requirements in R.C. 2743.51(F)(5)(b).  The AG stated that the language in section 26 of the CPO allows for contact between applicant and offender, and that it does not adequately protect applicant.  The AG cited two cases to support its position: *In re Warren*, Ct. of Claims No. V2008-30014tc (Sept. 5, 2008), and *In re Pacey*, Ct. of Claims No. V2011-60760 (June 11, 2012), adopted jud (July 6, 2012).   The AG argued that even if the language in provision 26 of the CPO allows for only electronic contact, it still violates R.C. 2743.51(F)(5)(b).

{¶8}    In response to the AG's arguments, Poole pointed out that the language in the CPO prohibits offender from being present within 500 feet of applicant and from initiating contact with applicant.  (Sections 5 and 6).[2]  Poole stated that section 26 of the

---

[2] **5. RESPONDENT SHALL STAY AWAY FROM ALL** protected persons named in this Order, and not be present within 500 feet * * * of any protected persons wherever those protected persons may be found, or any place Respondent knows or should know the protected persons are likely to be, **even with a protected person's permission.**  If Respondent accidentally comes in contact with protected persons in any public or private place, Respondent must depart *immediately.*  This Order includes encounters on public and private roads, highways, and thoroughfares.

**6. RESPONDENT SHALL NOT INITIATE OR HAVE ANY CONTACT** with [applicant] or their residences, businesses, places of employment, schools, day care centers, or child care providers.  Contact includes, but is not limited to, landline, cordless, cellular or digital telephone; text; instant messaging; fax; e-mail; voicemail; delivery service; social media; blogging; writings; electronic communications; posting a

CPO takes into account the reality that applicant and offender may need to speak to each other in court or over the telephone because of the divorce proceedings. Poole stated that section 26 does not negate everything else in the CPO, and that the AG's argument is too broad.

{¶9} R.C. 2743.61(B) states, in pertinent part:

If upon hearing and consideration of the record and evidence, the court decides that the decision of the attorney general appealed from is reasonable and lawful, it shall affirm the same. If the court decides that the decision of the attorney general is not supported by a preponderance of the evidence or is unreasonable or unlawful, the court shall reverse and vacate the decision or modify it and enter judgment thereon.

{¶10} R.C. 2743.52(B) states: The court of claims has appellate jurisdiction to order awards of reparations for economic loss arising from criminally injurious conduct, if satisfied by a preponderance of the evidence that the requirements for an award of reparations have been met.

{¶11} R.C. 2743.51(F)(5)(b) states, in pertinent part:

For a victim described in division (L)(1) of this section, "allowable expense" includes * * * Attorney's fees not exceeding one thousand dollars, at a rate not exceeding one hundred dollars per hour, incurred to successfully obtain a restraining order, custody order, or other order to *physically separate a victim from an offender.* (Emphasis added.)

{¶12} In examining the language in the CPO, the magistrate notes the following. Page 2 of the CPO states: "**The Court also finds:** Based upon the content of the hearing, the Court anticipates that a divorce involving the parties will be forthcoming. The Court will leave issues of child custody and visitation for that proceeding."

{¶13} The language in section 26 of the CPO states:

**IT IS FURTHER ORDERED:**

---

message; or communications by any other means directly or through another person. Respondent may not violate this Order **even with the permission of a protected person.**

Any order issued by a court of competent jurisdiction as to custody of or visitation with the children named in this Order shall prevail over this Order to the extent the two are inconsistent. Parties may have such contact as is needed to address issues related to the end of their marriage and to comply with orders related to upcoming divorce/custody/visitation proceedings.

{¶14} In *In re Warren*, Ct. of Claims No. V2008-30014tc (Sept. 5, 2008), a panel of commissioners found that applicant was not a victim of criminally injurious conduct. The panel further found that assuming, arguendo, that the applicant qualified as a victim, the modification that the applicant made to the ex-parte civil protection order "to allow contact between parties to discuss termination of marriage or reconciliation" did not provide for the physical separation of the parties.

{¶15} In the case at bar, the language in section 26 of the CPO pertains to contact needed to address issues related to the end of the marriage and to comply with court orders regarding divorce and custody proceedings. The facts in this case show that the CPO did not encourage "reconciliation," as the CPO did in *Warren,* which would imply that there would not be a physical separation from the offender. Furthermore, the language in other parts of the CPO in this case clearly mandates physical separation from applicant.

{¶16} In *In re Pacey*, Ct. of Claims No. V2011-60760 (June 11, 2012), adopted jud (July 6, 2012), the applicant had contemporaneously suffered a stroke when she was attacked by the offender. Applicant was hospitalized immediately after the criminally injurious conduct, and she was subsequently transferred to a nursing home. Applicant's counsel entered into a consent agreement with the offender. The consent agreement and domestic violence CPO provided physical separation of the parties, except for a two-hour period each week during which the offender was allowed to visit with applicant at the nursing home. The court found that because of that exception, which expressly allowed for contact two hours per week, the CPO did not comply with the physical separation requirement in R.C. 2743.51(F)(4).

{¶17} The magistrate finds that the facts in this case are distinguishable from *Pacey* because there is no language comparable to a two-hour period each week that allows for contact. Indeed, in *Pacey*, the two-hour visitation period allowed for, and even

encouraged, contact between the victim and the offender. In the present case, the language in section 26 of the CPO, read in context with the rest of the CPO, was clearly meant to allow the parties to proceed with a divorce and custody proceedings without violating the CPO. Therefore, the magistrate finds that the AG's cited precedent in *Warren* and *Pacey* is not particularly persuasive authority as applied to the facts in this case.

{¶18} The magistrate further finds that the facts in this case are more similar to the facts in *In re Richards*, Ct. of Claims No. 2013-00700-VItc (July 16, 2014), aff'd jud (October 13, 2014), where a judge of the Court of Claims allowed a claim for attorney's fees. In *Richards*, the AG argued that an addendum to a CPO violated the statutory requirement of physical separation. The addendum at issue allowed both the applicant and the offender to have contact at any subsequent hearing or court matter involving the parties; permitted both parties to go to the hospital in the event either minor child was injured and required medical treatment; and allowed both parties to contact each other via text message only for the exclusive purpose of informing and advising each other of medical or health issues/concerns regarding the minor children. *Richards*, p. 2. A judge of the Court of Claims stated:

> There is no question that the CPO provides for the physical separation of the applicant and the offender as contemplated in R.C. 2743.51(F)(4). The CPO requires the offender stay at least 500 feet away from the applicant and have no contact with the applicant. The CPO then allows minimal interaction solely for the purpose of participating in court proceedings and coordinating the medical care of their children. The interactions are designed to allow the offender and applicant to participate in court proceedings regarding their divorce and to allow coordination for the purposes of medical care for their children.

*Id.*, p. 3.

{¶19} Upon review of the evidence in the case file and in consideration of the arguments of counsel at the hearing, the magistrate finds that the CPO in this case complies with the requirements in R.C. 2743.51(F)(5)(b). The language in the CPO mandates a physical separation of the victim and offender. The magistrate further finds

that the language in section 26 of the CPO that allows for minimal interaction solely for the purpose of participating in divorce and custody proceedings does not prohibit applicant from obtaining an award of attorney's fees as an allowable expense pursuant to R.C. 2743.51(F)(5)(b).

{¶20} Accordingly, the magistrate concludes that the final decision of the AG is not reasonable or lawful. The magistrate recommends that the final decision of the AG be reversed and that the claim be remanded to the AG for economic loss calculations consistent with this decision.

{¶21} *A party may file written objections to the magistrate's decision within 14 days of the filing of the decision, whether or not the court has adopted the decision during that 14-day period as permitted by Civ.R. 53(D)(4)(e)(i). If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed. A party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion within 14 days of the filing of the decision, as required by Civ.R. 53(D)(3)(b).*

HOLLY TRUE SHAVER
Magistrate

Filed 2/6/24
Sent to S.C. Reporter 2/27/24